UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRUD ROSSMAN,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTHONY J. MORACO,<br><br>        Defendant. | 2:15-cv-02392-RCJ-CWH<br><br>**ORDER** |

Plaintiff has sued Defendant in this Court, asking to proceed *in forma pauperis*, based on alleged Internet-based Ponzi scheme involving conversion and fraud and somehow related to the IRS (the Complaint is not entirely clear). (*See generally* Compl., ECF No. 1-1). Plaintiff has sued other defendants in other districts based on the same underlying facts. Recently, the Hon. Larry A. Burns of the Southern District of California dismissed an identical or nearly identical complaint and denied a motion to proceed *in forma pauperis*. *See Rossman v. Scaramucci*, 2015 WL 8482760, at *2 (S.D. Cal. Dec. 8, 2015).

Although he lists a Virginia address for Defendant, Plaintiff alleges that both he and Defendant reside in the District. (*See* Compl. ¶¶ 20, 28). That prevents diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and no federal claims are made (only common law claims for fraud and conversion), excluding jurisdiction under § 1331. And if Defendant in fact lives in Virginia, it is not clear that venue lies in this District under § 1391(b), as the allegations do not indicate that

any of the events giving rise to the present claims took place in Nevada.  The Complaint also makes no short, plain statement of anything Defendant allegedly did to commit a fraud or conversion.

As to the application to proceed *in forma pauperis*, Plaintiff's address in the Complaint is given as Pinehurst Luxury Apartment Homes in Las Vegas, Nevada.  His address is in care of Sawtooth Capital, LLC, though nothing in the application or Complaint explains what his relationship to this company is.  The Complaint also refers to real property and other "property interests" he has in this District, (*see* Compl. ¶ 13), which is not accounted for in the motion, (*see* Mot. 1).  But the application says Plaintiff has had no income of any kind (including gifts or income from any other sources) for the past 12 months and has no assets.  It represents that his expenses for food, transportation, clothing, and medical care are $1,000 per month, and that he is $25,000 in debt.  The application does not explain how, in the absence of any income, assets, or assistance form anyone else, he is paying these expenses.  Because the application is incomplete and fails to establish that Rossman cannot pay the filing fee, it is denied.

In summary, the Court will deny the application to proceed *in forma pauperis* and dismiss the Complaint for failure to properly plead subject matter jurisdiction and venue or to state a claim, with leave to amend.

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 1) is DENIED, and the Complaint (ECF No. 1-1) is DISMISSED.

IT IS FURTHER ORDERED that within fourteen (14) days of the entry of this Order into the electronic docket, Plaintiff must pay the filing fee or file a renewed application for leave to proceed *in forma pauperis*, and he must file an amended complaint that remedies the defects this Order has identified.  If he does not do so within the time permitted, or if his amended complaint does not correct all the defects this order has identified, this action will be dismissed without leave to amend.

Dated this 29th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge